IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

CARLTON RALPH CARTER,            )
Register No. 169795,              )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    No. 05-4091-CV-C-NKL
                                  )
C.O. 1 LINDA BOWERS, et al.,      )
                                  )
            Defendants.           )

**REPORT AND RECOMMENDATION**

  Plaintiff, an inmate confined or formerly confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

  On June 24, 2005, defendant Bowers filed a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond in opposition to the motion within the time limits set by local rules, or after the court issued a show cause order on August 2, 2005. Accordingly, plaintiff does not appear to oppose the dismissal of this case.

  In his initial complaint, plaintiff asserts that defendant Linda Bowers engaged in inappropriate sexual conduct during his incarceration at Tipton Correctional Center. He states she intentionally viewed his naked body for sexual reasons while he was sleeping and in the shower, and that after he reported the incidents, he was subjected to retaliation. Sexual harassment of an inmate by corrections officials can be the basis for an Eighth Amendment claim. Freitas v. Ault, 109 F.3d 1335 (8th Cir. 1997)

  Thus, the court must determine whether plaintiff's claims in this case have sufficient basis for an Eighth Amendment claim. In ruling on a motion to dismiss, the court utilizes the following standard. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his

claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). When applying this standard, the court accepts as true the factual allegations in the complaint and views them in the light most favorable to the plaintiff. Hishon v. King and Spalding, 467 U.S. 69, 73 (1984); Kohl v. Casson, 5 F.3d 1141, 1148 (8th Cir. 1993).

In support of her motion to dismiss, defendant Bowers cites Howard v. Everett, 208 F.3d 218 (8th Cir. 2000), for the proposition that sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain. Although the Howard decision is unpublished, it is persuasive in that an Eighth Amendment violation requires an injury and pain sufficient to constitute cruel and unusual punishment. Plaintiff's allegations in this case, accepted as true, do not meet that threshold. Plaintiff does not assert that he was ever touched by defendant, placed in fear, or otherwise harmed other than being startled and uncomfortable upon being viewed naked. Accordingly, and in light of his apparent nonopposition to defendant's motion, the claims against defendant Carter will be recommended dismissed.

The court notes that plaintiff also named John Doe defendants in his complaint. In the order of April 26, 2005, plaintiff was advised that he would need to make every effort to promptly identify, name and provide the court with some indicia of their personal involvement in the events giving rise to this lawsuit. Plaintiff has not done so. Fed. R. Civ. P. 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plaintiff was granted leave to proceed in forma pauperis on April 26, 2005. It has been more than 120 days and plaintiff has not identified the John Doe defendants or otherwise taken steps so that service of process could be made.

Additionally, the docket sheet does not reveal that plaintiff has taken any steps to prosecute this case since providing the court with his change of address on July 14, 2005. Likewise, no payments, other than the initial payment, have been made toward the filing fee.

2

Thus, plaintiff's claims are also subject to dismissal under Fed. R. Civ. P. 41(b) for failure to prosecute and to comply with court orders.

For these reasons and those set forth in defendant Carter's motion, it is

RECOMMENDED that defendant Carter's motion of June 24, 2005, to dismiss the claims against her be granted [9]. It is further

RECOMMENDED that plaintiff's claims against the John Doe defendants be dismissed, pursuant to Fed. R. Civ. P. 4(m), and that this case be closed.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. If additional time is needed, a motion for an extension of time must be filed within twenty days. The motion should state the reasons for the request. See Nash v. Black, 781 F.2d 665, 667 (8th Cir. 1986) (citing Thomas v. Arn, 474 U.S. 140 (1985)); Messimer v. Lockhart, 702 F.2d 729 (8th Cir. 1983). Failure to make specific written exceptions to this report and recommendation may result in a waiver of the right to appeal.

Dated this 30th day of November, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

3